No. 596

First Circuit

STATE OF LOUISIANA EX REL. GALAS-TAS, SHERIFF, AND EX-OFFICIO TAX COLLECTOR v. SHAFFER

(April 14, 1930.   Opinion and Decree.)

A. J. Finney, of Covington, attorney for plaintiff, appellant.

Hugh M. Wilkinson, of New Orleans, attorney for defendant, appellee.

LeBLANC, J. The sheriff and ex-officio tax collector of the parish of St. Tammany instituted this proceeding by rule to enforce the collection of a license tax from the defendant, Thomas A. Shaffer, based on what is alleged to be the gross receipts from the business of operating two ferries, one over that body of water known as the Rigolets, and the other over Chef Menteur.

The defendant, in resisting the rule, denied that he was doing business in the parish of St. Tammany and that he was in any way indebted unto the state of Louisiana. He admitted that during a portion of the year 1928 and a portion of the year 1929 he operated, for the Louisiana highway commission, under a contract with it, the two ferries referred to, and averred that the only compensation he received was from the highway commission, which is a governmental department of the state of Louisiana.

On this issue the rule was tried, and judgment was rendered rejecting the sheriff's demand and dismissing the defendant in rule.

The defendant's contract with the highway commission is dated April 11, 1928. It was renewed from time to time as appears by the various contracts themselves which were produced by the plaintiff in rule and annexed to his petition.

We are of the opinion that these contracts and the evidence bear out the defendant's contention.

It was in pursuance of its policy of establishing free ferries at these points and in accordance with a resolution to that effect, dated April 9, 1928, that the highway commission entered into the contract of April 11, 1928, with the defendant. By the terms of that agreement, defendant bound himself to furnish, maintain, and operate these two ferries, complying with all the requirements of the commission relating to the kind of boats to be used, inspection of same, schedule, etc., for which he was to receive the sum of $8,000 per month. The renewal contracts are the same as the original, except that the consideration was reduced from $8,000 to $7,250 per month. From the defendant's testimony it seems that the purpose of the agreement was to allow him a sum sufficient to meet all operating costs and expenses, with enough margin for his own salary. Under the amount agreed upon, his salary figured between $350 and $400 monthly.

The amount paid him by the highway commission under his contract, all of which, with the exception of $350 or $400 per month went into the costs of operation, was the only revenue he derived from this business. He did not collect anything whatever from the public. Under the facts as we find them, the only conclusion to be drawn is that the defendant was operating these ferries for the Louisiana highway commission, which it is undisputed is a governmental agency of the state of Louisiana. Its plan to establish free ferries at these crossings was what prompted the commission to make this arrangement to operate them, and in no way, as we see it, can it be said that the defendant was the "owner or lessee of a toll ferry" within the terms of section 25 of Act No. 205 of 1924, as amended by Act No. 241 of 1928, the law under which the tax collector is here endeavoring to make him pay a license tax.

The judgment of the lower court rejecting the demand of the plaintiff in rule is correct, and it is accordingly affirmed.